1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT

8                EASTERN DISTRICT OF CALIFORNIA

9

10

MICHAEL RENE RUIZ,              ) 1:09-cv—00939-SKO-HC
11                              )
               Petitioner,      ) ORDER DISMISSING PETITION FOR
12                              ) WRIT OF HABEAS CORPUS FOR LACK OF
                                ) SUBJECT MATTER JURISDICTION
13      v.                      ) (Doc. 1)
                                )
14 M. MARTEL, Warden, et al.,   ) ORDER DIRECTING THE CLERK TO
                                ) ENTER JUDGMENT AND CLOSE THE CASE
15             Respondents.     )
                                ) ORDER DECLINING TO ISSUE A
16 _____ ) CERTIFICATE OF APPEALABILITY

17

18      Petitioner is a state prisoner proceeding pro se and in

19 forma pauperis with a petition for writ of habeas corpus pursuant

20 to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1),

21 Petitioner has consented to the jurisdiction of the United States

22 Magistrate Judge to conduct all further proceedings in the case,

23 including the entry of final judgment, by manifesting consent in

24 a signed writing filed by Petitioner on May 26, 2009 (doc. 5).

25 Pending before the Court is the petition, which was filed on May

26 18, 2009.

27      I. Screening the Petition

28      Rule 4 of the Rules Governing § 2254 Cases in the United

                           1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Habeas Rule 4, adv. comm. notes, 1976 adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory committee notes to Habeas Rule 8, 1976 adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. Custody

Habeas relief shall be granted to a person in custody pursuant to the judgment of a state court only on the ground that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The "in custody" requirement for a habeas petition pursuant to § 2254 is jurisdictional and thus is the first question a habeas court must

2

consider.  <u>Bailey v. Hill</u>, 599 F.3d 976, 978 (9th Cir. 2010).
The requirement has two aspects: 1) the petitioner must be in
custody at the time the petition is filed, and 2) the custody
must be under the conviction or sentence under attack at the time
the petition is filed.  <u>Id.</u>

"Custody" includes physical imprisonment as well as other
significant or severe restraints on liberty, but it does not
include mere collateral consequences of a conviction.  <u>Id.</u> at
978-79, 980.  It is established that the imposition of a fine, by
itself, is not sufficient to meet the jurisdictional requirements
of § 2254.  <u>Id.</u> at 979 (quoting <u>Williamson v. Gregoire</u>, 151 F.3d
1180, 1183 (9th Cir. 1998)).  Further, liability under a
restitution order is not a sufficiently serious restraint on
liberty to warrant habeas relief.  <u>Bailey v. Hill</u>, 599 F.3d at
979.

The mere fact that a petitioner is physically in custody
when challenging a restitution order is insufficient to render
the claim cognizable where the petitioner is not challenging the
lawfulness of his custody under federal law.  <u>Bailey v. Hill</u>, 599
F.3d at 979-980, 984.  Mere physical custody does not provide the
required nexus between the petitioner's claim and the unlawful
nature of the custody; instead, § 2254(a) requires that the
substance of the claim being asserted must challenge the legality
of the custody on the ground that it is, or was imposed, in
violation of the Constitution, laws, or treaties of the United
States.  <u>Id.</u> at 980-81.

Further, the remedy for claims concerning restitution,
namely, eliminating or altering a money judgment, has no direct

1   impact upon, and is not directed at the source of the restraint

2   upon, the petitioner's liberty.  Instead, it would affect only

3   the fact or amount of the restitution that has to be paid.

4   Id. at 981.

5       III.  Analysis

6       Here, Petitioner has alleged that at the time of filing the

7   petition, he was a state prisoner serving a life sentence.  (Pet.

8   11.)  He challenges a state sentencing court's imposition of a

9   restitution fine pursuant to Cal. Govt. Code § 13967 in February

10  1991, which was accompanied by a sentence of three years and

11  eight months.  (Pet. 1, 12.)  Petitioner argues that the $1,000

12  fine was imposed without a determination that Petitioner had the

13  ability to pay the fine; Petitioner also argues that his counsel

14  was ineffective at sentencing for failing to object to the

15  restitution fine.  (Pet. 12-13.)  However, Petitioner further

16  alleges that he served out the entire term of imprisonment and

17  parole imposed in 1991.  (Id. 13.)  It was only after Petitioner

18  was subsequently arrested and sentenced to prison for a life term

19  that efforts were made to collect the restitution fine.  (Id. at

20  13-14.)

21      It thus appears that Petitioner's custody is not related to

22  the restitution fine he challenges, and that Petitioner's claim

23  does not challenge the lawfulness of his custody or its duration.

24  Likewise, any remedy fashioned by this Court would affect only a

25  monetary obligation, and not Petitioner's custody.

26      Accordingly, the Court concludes that it does not have

27  subject matter jurisdiction over Petitioner's claim or claims.

28

4

1    IV.   <u>Dismissal of the Petition</u>

2        Because this Court does not have jurisdiction over a habeas

3    corpus petition brought pursuant to § 2254 challenging only a

4    restitution order, the petition must be dismissed.  <u>Bailey v.</u>

5    <u>Hill</u>, 599 F.3d 976, 984 (9th Cir. 2010).

6    V.   <u>Certificate of Appealability</u>

7        Unless a circuit justice or judge issues a certificate of

8    appealability, an appeal may not be taken to the court of appeals

9    from the final order in a habeas proceeding in which the

10   detention complained of arises out of process issued by a state

11   court.   28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

12   U.S. 322, 336 (2003).  A certificate of appealability may issue

13   only if the applicant makes a substantial showing of the denial

14   of a constitutional right.  § 2253(c)(2).  Under this standard, a

15   petitioner must show that reasonable jurists could debate whether

16   the petition should have been resolved in a different manner or

17   that the issues presented were adequate to deserve encouragement

18   to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336

19   (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A

20   certificate should issue if the Petitioner shows that jurists of

21   reason would find it debatable whether the petition states a

22   valid claim of the denial of a constitutional right or that

23   jurists of reason would find it debatable whether the district

24   court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,

25   529 U.S. 473, 483-84 (2000).  In determining this issue, a court

26   conducts an overview of the claims in the habeas petition,

27   generally assesses their merits, and determines whether the

28   resolution was debatable among jurists of reason or wrong.  <u>Id.</u>

It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Id. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Habeas Rule 11(a).

Here, because Petitioner's claims relate only to a restitution order, jurists of reason would not find it debatable whether the Court was correct in its ruling.  Accordingly, Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court declines to issue a certificate of appealability.

VI. Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED for lack of subject matter jurisdiction;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    June 25, 2010                    _____/s/ Sheila K. Oberto_____
                                           UNITED STATES MAGISTRATE JUDGE

6